UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff | )<br>)<br>) | |
| v. | )<br>) | No. 20 CR 0837<br>Judge Guzman |
| MICHAEL PORTER<br>    Defendant | )<br>)<br>) | |

## MOTION TO DISMISS COUNTS ONE THROUGH SEVEN OF THE INDICTMENT

Defendant, MICHAEL PORTER, by and through his attorney, Ralph J. Schindler, Jr, does file this Motion to Dismiss Counts One through Seven of the indictment. On October 8, 2021 undersigned counsel and Defendant met with agents of the FBI pursuant to this court's order and reviewed the seven videos that form the basis of Counts One through Seven of the indictment. The visitation took place at the Winnebago County Jail in Rockford, Illinois, where Defendant is being held. Based on a review of the evidence presented at that meeting, it is respectfully submitted that the content of the videos cannot, as a matter of law, constitute the production of child pornography in violation of 18 U.S.C. Section 2251(a) based on the recent holdings of the Seventh Circuit Court of Appeals in *United States v. Matthew Howard*, 946 F.3d 968 (7th Cir. 2020) and *United States v. Sprenger* ___ F.3d. ____ (7th Cir. 2021) (No 19-2779) decided October 6, 2021.

In furtherance of this motion to Dismiss Defendant does state as follows:

1

**Factual Basis**

On July 13, 2021 PORTER was indicted in a ten-count indictment. The first seven counts charge him with production of child pornography in violation of Title 18 USC Section 2251(a) and (e). Counts Eight and Nine charge him with receiving child pornography over the internet in violation of Title 18 USC Section 2252(a)(2)(A), and Count Ten charges him with possession of child pornography in violation of Title 18 USC Section 2252A(a)(5)(B).

This investigation arose out of Porter's purchase of pornography from an out of state individual that is the subject of the later counts. Based on that information the government obtained a search warrant for Porter's computer and electronic devices. Upon examination of that evidence, the government discovered that Defendant was a Voyeur. Over the course of many years Defendant had made a collection of videos of young boys showering and bathing at local health facilities in the public showers. The videos were allegedly produced by Porter using a small box camera that was set on the floor of the shower room or an adjoining toilet stall to capture videos of young men in the showers. Other videos were recorded by placing the recording device above two adjoining showers. These shower stalls appear to be divided with a steel partition between them, but the camera was able to record the activity in both stalls. Counts One through Seven relate to the images caught in the shower room and shower stalls. A summary of the subject matter of the videos and their related counts follows. The description is based on undersigned counsel's October 8, 2021 review of evidence presented by the FBI at the

2

Winnebago County Jail and is believed accurate. To some extent the agent "fast forwarded" through the videos, but the following summary of what was viewed is believed to be accurate.

**Count One**

Count I's video is dated in September of 2006 and records a black male youth of 13 or 14 years of age in a "bull pen" shower. No other persons are present. The youth takes off his black swim trunks and pulls up a stool. He sits under the shower for an extended period of time. He has a pink balloon that he chews on and fills with soap from the soap dispenser. He lies on the floor of the shower room. His genitals are visible at various times in the video. No sexual activity appears on the video.

**Count Two**

The video of September 10, 2008 again takes place in the communal shower room. In this video a young black male of approximately 10 years of age appears and begins to shower. Porter appears and begins to shower but does not remove his swim trunks. Porter appears to help the youth bathe and rubs soap on the youth and has the youth put some soap on Porter. No sexual activity takes place on the video and Porter never removes his swim trunks.

**Count Three**

This video is dated April 26, 2009 and again takes place in the communal shower room. A young black male of approximately 10 begins to take his shower. A second youth of about the same age comes in and then a third. Porter appears in the shower room in his swim trunks and appears to

3

say something to the youth and leaves. The boys continue to shower and leave. No sexual activity takes place on the video.

**Count Four**

This video is dated October 1, 2013 and depicts an overhead view of two shower stalls. In the stall on the left in the video a young boy of approximately eight or nine appears, takes off his swimming trunks and showers. In the stall to the right Porter is also showering. No sexual activity appears in this video.

**Count Five**

The video shown to support Count Five is dated June 24, 2016 and takes place again in the shower stalls. In this video, a young man of 13 or 14 appears in the left shower, disrobes, showers and begins to masturbate in the shower stall. Porter appears in the stall to the right but there is no interaction between Porter and the youth.

**Count Six**

The video shown to support Count Six is dated October 21, 2019 and again takes place in the shower stalls. In this video a boy in blue swim trunks begins to take his shower. Porter appears in the shower stall to the right. The first youth finishes and a second youth appears in orange swim trunks wearing black glasses. You can hear the children's father talking to them as they shower. No sexual activity appears in this video.

**Count Seven**

The video shown to support Count Seven is dated February 17, 2020. In this video a young man of approximately 10 or 11 years of age appears in the

shower on the left and Porter appears in the shower on the right. The youth washes himself and appears to have an erection. In the right shower stall Porter is seen to masturbate. The youth finishes his shower and gets dressed. There is no interaction between Porter and the youth. The youth engages in no sexual activity.

## Legal Analysis

Title 18 U.S.C section 2251(a) provides steep criminal penalties for anyone who engages a minor in the production of child pornography. Specifically, the statute imposes a fifteen-year mandatory minimum sentence for any person who:

> . . . employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate of foreign commerce, or in any Territory of Possession of the Untied State, with the intent that such minor engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct. . ..

On August 3, 2020 the Seventh Circuit Court of appeals rendered its decision in *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020). In that case Howard had produced a video of himself masturbating next to his fully clothed nine-year-old niece who was sleeping at the time. A second video showed him masturbating above her head. Howard was convicted of production of child pornography and appealed. Howard argued that the youth had not been "employed, used, persuaded, induced, enticed or coerced" to engage in the video since she was sleeping at all times. The government argued that it did not matter whether the minor victim engaged in any sexually explicit conduct provided the offender somehow "uses" the child as an object of sexual interest.

The Seventh Circuit reversed Howard's conviction holding that the word "uses" in the statute should be read under the doctrine of *noscitur a sociis*, i.e. that it should be "known by the company it keeps":

> Five of the six verbs on this statutory list require some action by the offender to cause the *minor's* direct engagement in sexually explicit conduct. The sixth should not be read to have a jarringly different meaning. The *noscitur a sociis* canon has force here and constrains our interpretation of the word "uses." (emphasis in original)

Since the minor niece was not involved in the offense, the conviction was reversed.

The opinion in *Howard* was again followed in *United States v. Sprenger* ___ F.3d. ____ (7th Cir. 2021) (No 19-2779) decided October 6, 2021. There Sprenger had admitted in a plea agreement that he transported a 14-year-old female to a hotel in Wisconsin. While she slept, he took at least seven photographs of his "naked, erect penis next to Victim A's face", photographed his own face, with his tongue sticking out, next to Victim A's clothed groin, took a video of a 13-year-old child sleeping in which he "pulled back the blanket that was covering Victim B and focused the camera on Victim B's clothed buttocks and vagina; his erect penis was visible as he masturbated over Victim B." In a second video he "reached with his hand and made physical contact with Victim B's clothed vagina" and in a third video he "made physical contact with Victim B's clothed vagina and buttocks" and in the last he "ejaculated onto Victim B's clothed buttocks." (Slip opinion page 3)

Here the Court reversed Sprenger's conviction of production citing *Howard* and stating:

6

> In *Howard* we held that Section 2251(a) requires that the offender create images that depict a minor, and not the offender alone, engaged in sexually explicit conduct. 968 F.3d at 721. In that case, we read Section 2251(a)'s language as requiring "the government to prove that the offender took one of the [statute's] listed actions to cause *the minor* to engage in sexually explicit conduct for the purpose of creating a visual image of that conduct." (emphasis in original).

The holding in *Howard* was cited with approval in *United States v. Hillie* ___ F.3d__, (D.C. Circuit 2021) Decided Sept 17, 2021 (Slip Opinion 19-3027). There Hillie had placed hidden cameras in the bedroom of the two minor daughters of his girlfriend. In one video lasting 29 minutes he captures the minor undressing. After she has undressed, she appears to clean her genitals and legs with a towel. Her genitals are exposed to the camera. Her breasts and pubic hair are visible. She proceeds to apply lotion to her body for approximately 11 minutes. In a second video, Hillie placed a hidden camera in the girls' bathroom. In the video one of the girls removes her pants and underwear and proceeds to wipe her pubic area with a washcloth, and her pubic area is exposed.

Hillie was convicted on all counts in a jury trial and appealed. He challenged his conviction of the production charges arguing that the videos did not depict a minor engaging in sexually explicit conduct and that there was no evidence that he intended to produce depictions of a minor engaging in sexually explicit conduct.

The DC Circuit reversed his conviction ruling as a matter of law. The court reversed the conviction under 18 USC Section 2251 noting that the statute provides, in relevant part, that:

7

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . shall be punished as provided under subsection (e)[.]

The court went on to determine that the videos of the girls bathing and washing themselves did not portray "sexually explicit conduct" as defined in 18 U.S.C. Section 2256(2)(A). The video portrayal of the girl's genitals in bathing or washing did not constitute a "lascivious exhibition of the anus, genitals, or pubic area of any person" within the meaning of Section 2256(2)(A)(v). The court went on to say that this section should be read as interpreted by the Supreme Court in *United States v. X-Citement Video, Inc.* 513 US 64 (1964) which rejected a constitutional-overbreadth challenge to the possession of child pornography statute, stating:

> In so doing, the Court expressly engrafted the "hard core" characterizations of the prohibited "lascivious exhibition of the genitals" from *Miller* onto the construction of the federal child pornography statute." (Slip Opinion page 6)

Thus, in order to sustain a conviction under Section 2251 "[A]n image, even one with nudity, must depict conduct that is objectively sexual [in order for its creator to be convicted under 18 U.S.C. Section 2251(a)]." (Slip Opinion page 8). In conclusion the DC court of Appeals followed the Supreme Court's decision in *United States v. Williams*, 553 U.S. 285 (2008) in interpreting the statute, again from a challenge that the language was overbroad. It held:

> Based on the foregoing, we construe "lascivious exhibition of the anus, genitals, or pubic area of any person" in 18 U.S.C. Section 2256(2)(A)(v) to cover visual depictions in which a minor, or someone interacting with a minor, engages in conduct displaying their anus, genitalia, or pubic area in a lustful manner that connotes the

commission of sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse.  This construction is consistent with the phrase "sexually explicit conduct," of which the "lascivious exhibition of the genitals" is one form.  As *Williams* explained:
> "Sexually explicit conduct" connotes actual depiction of the sex act rather than merely the suggestion that it is occurring.  And "simulated" sexual intercourse is not sexual intercourse that is merely suggested, but rather sexual intercourse that is explicitly portrayed, even though (through camera tricks or otherwise) it may not actually have occurred.  The portrayal must cause a reasonable viewer to believe that the actors actually engaged in that conduct on camera. (553 U.S. at 297)

(Slip Opinion page 8)

Hillie's conviction was reversed since mere bathing or grooming activities could not, as a matter of law, be considered "lascivious exhibitions of the anus, genitals, or pubic area of any person."

The court in *Hillie* noted that it was clear that Hillie was guilty of voyeurism which was a violation of the D.C. code Section 22-3531 which prohibits the nonconsensual recording of the private parts of a person by placing a hidden camera in a bathroom or a bedroom.  However, it noted that there was no federal voyeurism law other than one that applies in the special maritime and territorial jurisdiction of the United States (18 U.S.C. Section 1801)

## Argument

Here it is clear that the subject matter of Porter's recordings in Counts One through Four and Counts Six and Seven could not be considered child pornography because mere bathing or grooming activities, absent more, can not be considered "lascivious exhibitions" of the genitals or pubic areas of any

9

person and thus do not record "sexually explicit conduct" as defined under 18 U.S.C. Section 2256(2)(A)(v) and as prohibited in 18 U.S.C. Section 2251.

Count Five contains a recording of a young man masturbating in the shower stall and would thus qualify under the definition of "sexually explicit conduct" under 18 U.S.C. 2256(2)(A)(iii).  However, it is submitted that Porter's film capture of such activity was certainly not planned.  There is no evidence that Porter "caused" the minor to engage in such activities as required under 18 U.S.C. Section 2251(a) and the holding in *Howard* and *Springer, supra*. *Howard* interprets the statue to mean that the defendant "cause[d] the minor to engage in sexually explicit conduct for the purpose of creating a visual image of that conduct." 968 F.3d 717, 721-22.  The court in *Hillie* agreed with that analysis stating "It seems correct, because if a defendant pays a minor to allow him to film her masturbating, then he induces a minor to engage in sexually explicit conduct with the intent that she engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct."  (Slip Opinion page 14)   Here there is no evidence Porter ever had any contact with the minor depicted in the video associated with Count Five.  In a press release to members, the YMCA, based on information received from "Federal authorities", described Porter's activities as "surreptitiously" recording in the locker rooms or in the pool/aquatic facilities without permission.  The YMCA's press release also advised that "the Federal authorities have found no evidence to suggest Porter distributed the videos he surreptitiously captured."  Since there is no

evidence Porter "caused" the sexually explicit conduct recorded, it is respectfully submitted that Count V must fail as well.

The federal statue prohibiting the production of child pornography carries a 15-year mandatory minimum term of imprisonment. It is clear that such enhanced penalty should apply where the adult engages the minor to participate in the production of child pornography. The enhanced penalty is based on the adult involving a minor in such activity and corrupting the morals of such minor victim. Here it is respectfully submitted that voyeurism should not be subject to such enhancement.

WHEREFORE, it is respectfully requested that the court review the video evidence *in camera* and dismiss Counts One through Seven of the Indictment since the content of such videos cannot, as a matter of law, constitute the production of child pornography in violation of 18 U.S.C. Section 2251(a) based on the recent holdings of the Seventh Circuit Court of Appeals in *United States v. Matthew Howard*, 946 F.3d 968 (7th Cir. 2020) and *United States v. Sprenger* ___ F.3d. ____ (7th Cir. 2021) (No 19-2779) decided October 6, 2021.

                                        Respectfully Submitted,
                                        /s/ Ralph J. Schindler, Jr.
                                        Ralph J. Schindler, Jr.,
                                        Attorney for Defendant MICHAEL PORTER

The Law Offices of Ralph J. Schindler, Jr.
362 Countryside Court
Burr Ridge, Illinois 60527
(224) 828–2965
Attorney No. 2484471