UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 20 CR 837 |
| v. | ) | |
| | ) | Honorable Ronald A. Guzman |
| MICHAEL PORTER | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS
COUNTS ONE THROUGH SEVEN OF THE INDICTMENT**

The UNITED STATES OF AMERICA, through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, hereby responds to defendant MICHAEL PORTER's Motion to Dismiss Counts One through Seven of the Indictment (the "Motion"). Dkt. 56. For the reasons set forth below, the government respectfully requests that the Court deny defendant's Motion.

## I.    BACKGROUND

On December 2, 2020, defendant Michael Porter was charged by federal complaint with two counts of receipt of child pornography, in violation of Title 18, United States Code, Section 2252A(a)(2)(A) and (b)(1). Dkt. 1. On July 13, 2021, he was indicted by a federal grand jury with seven counts of production and attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Counts One through Seven); two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) (Counts Eight and Nine); and one count of possession of electronic devices containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Ten). Dkt. 43.

Defendant has now filed a Motion to Dismiss Counts One through Seven of the Indictment (the "production counts"), alleging that, based on defense's counsel's review of the evidence and interpretation of the law, the videos underlying the production counts do not constitute child pornography, and therefore, the production counts fail to state an offense. Dkt. 56.

## II. ARGUMENT

### A. Legal Standard

An indictment must "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). An indictment complies with Rule 7 and the Constitution if it (1) states the elements of the crimes charged; (2) adequately informs a defendant of the nature of the charges brought against him; and (3) enables the defendant to assert the judgment as a bar to future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013); *United States v. White*, 610 F.3d 956, 958-59 (7th Cir. 2010); *United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002). To successfully challenge the sufficiency of an indictment based on the failure to allege a required element, a defendant must establish both that an element was omitted and that he suffered prejudice as a result. *Vaughn*, 722 F.3d at 925.

"Facial sufficiency is not a high hurdle"; there is no need for an indictment to "exhaustively describe the facts surrounding a crime's commission." *United States v. Bates*, 96 F.3d 964, 970 (7th Cir. 1996), aff'd, 522 U.S. 23 (1997); *United States v. Westmoreland*, 240 F.3d 618, 633 (7th Cir. 2001) (an indictment need not spell out

each element so long as each element is present in context). An indictment that tracks the words of a statute to state the elements of the crime generally is acceptable, so long as the indictment states sufficient facts to place a defendant on notice of the specific conduct at issue. *Vaughn*, 722 F.3d at 925.

When considering a motion to dismiss under Rule 12(b), a court assumes all facts in the indictment to be true and "view[s] all facts in the light most favorable to the government." *United States v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999); *see also United States v. Moore*, 563 F.3d 585, 586 (7th Cir. 2009). The court evaluates the allegations "on a practical basis and in their entirety, rather than in a hypertechnical manner." *United States v. Cox*, 536 F.3d 723, 726 (7th Cir. 2008) (quotation omitted). A motion to dismiss an indictment is not a summary-judgment motion and should not be used to "test[] the strength or weakness of the government's case, or the sufficiency of the government's evidence." *Moore*, 563 F.3d at 586 (citation omitted); *see also White*, 610 F.3d at 959 (courts "do not consider whether any of the [indictment's] charges have been established by evidence, or whether the Government can ultimately prove its case"); *United States v. Thomas*, 150 F.3d 743, 747 (7th Cir. 1998) (Easterbrook, J., concurring) ("Summary judgment does not exist in criminal cases." (citation omitted)); *United States v. Firtash*, 392 F. Supp. 3d 872, 885 (N.D. Ill. 2019) (Pallmeyer, J.) ("To the extent Defendants dispute the government's ability to prove their case, that is a matter for trial, not a basis for dismissal.").

### B.  The Indictment Properly Alleges Violations of Title 18, United States Code, Section 2251(a) and (e)

Section 2251(a) makes it a crime for an individual to employ, use, persuade, induce, entice, or coerce any minor to engage in "any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." Based on the statute's plain language, the following must be proven to establish an offense under Section 2251(a):

(1) the victim was under the age of 18 years; and

(2) the defendant, for the purpose of producing a visual depiction of such conduct employed, used, persuaded, or coerced the victim to take part in sexually explicit conduct; and

(3) the visual depiction was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce.

Seventh Circuit Pattern Jury Instructions (2020 ed.) at 796-97.  "Sexually explicit conduct" is defined to include "masturbation" and "lascivious exhibition of the genitals or pubic area of any person." *Id*. at 834; 18 U.S.C. § 2256(2)(A)(iii) and (v).

Defendant does not argue that the production counts fail to adequately state the elements of the crime charged, inform him of the charges, and enable him to assert the judgment as a bar to future prosecutions for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974).  Instead, defendant invites the Court to engage in a summary judgment inquiry, arguing that the government's evidence—based on defense counsel's review of discovery materials made available by the government to defense counsel and defendant—is factually insufficient to sustain a conviction. Motion at 9-11.  This is a factual dispute for trial, not appropriate for resolution on a motion to dismiss.  *See United States v. Firtash*, 392 F. Supp. 3d 872, 885 (N.D. Ill.

4

2019) (Pallmeyer, J.) ("To the extent Defendants dispute the government's ability to prove their case, that is a matter for trial, not a basis for dismissal.").

### C.  The Government's Evidence is Sufficient to Support a Conviction

Even if it were appropriate for the Court at this stage in the proceeding to look beyond the indictment and consider the sufficiency of the evidence the government intends to present at trial (and it is not, for the reasons discussed above), that evidence will amply establish that defendant produced or attempted to produce child pornography, as required to satisfy the elements of the statute.

#### 1.    Factual Background

The recordings that form the basis of the criminal conduct charged in Counts One through Seven of the indictment depict the following events, in summary:

##### a.    Count One

In or around September of 2006, defendant produced a video that depicts a prepubescent boy ("Minor 1") in the shower area of a men's locker room at Fitness Center A. In the video, Minor 1 sits on a chair under the shower washing his body. At various points in the video, Minor 1 licks the palm of his hand, lowers and then removes his swim trunks, exposing his erect penis, and lays face down on the shower floor, moving his hips from side to side, while looking in the direction of the camera. At two separate points of the video, the camera zoomed in on Minor 1's penis; at another point, the camera zoomed in on Minor 1's buttocks. The video also depicted Minor 1 placing a balloon on his penis, removing it, and putting it in his mouth while the camera continued to zoom in on the boy's penis, also capturing his buttocks.

### b.    Count Two

On or about September 10, 2008, defendant produced a video using a concealed recording device that he placed under a bench inside of the men's locker room at Fitness Center A. Defendant positioned the device to capture the shower area of the locker room. The video captured a prepubescent boy ("Minor 2") and defendant (wearing swim trunks, flip flops, and a purple swim cap) in the shower area, where defendant removed his swim trunks, revealing gold shorts underneath. The video depicts defendant washing Minor 2's body with soap, and then pulling down Minor 2's swim trunks before washing Minor 2's buttocks and groin area and touching Minor 2's penis.

Defendant then got more soap and again used his hands to wash Minor 2's buttocks, groin area, and penis. Defendant continued to wash Minor 2's body and pulled Minor 2's swim trunks down a second time, washing Minor 2's buttocks, groin area, and penis. Minor 2 then ran off camera.

Defendant walked over to the camera, cleaned the lens, and zoomed in to have a closer view of the shower area. Minor 2 returned to the shower area, and defendant pulled Minor 2's swim trunks down a third time, using his hands to wash the Minor 2's buttocks, groin area, and penis. At a later point in the video, defendant had Minor 2 wash defendant's back, and defendant washed Minor 2's back and chest before pulling Minor 2's swim trunks down a fourth time and using his hands to wash Minor 2's buttocks, groin area, and penis. Defendant then positioned Minor 2, with his swim trunks down, facing the camera, exposing his penis to the camera and once again washed Minor 2's buttocks, groin area, and penis. Defendant turned Minor 2 in the

6

opposite direction exposing Minor 2's buttocks to the camera and continued to wash Minor 2's buttocks, groin area, and penis. Defendant then moved his hands up and down in a caressing motion on Minor 2's buttocks. Defendant again faced Minor 2 toward the camera and pulled Minor 2's swim trunks back up. At one point during this course of events, defendant appears to have an erection.

After a final adjustment of the camera, defendant caressed Minor 2's back and head, and then faced Minor 2 toward the camera, had Minor 2 lower his swim trunks, and exposed Minor 2's penis to the camera. Defendant then faced Minor 2 toward him, with Minor 2's back to the camera, and dried Minor 2 off, pulling Minor 2 toward defendant's groin area and holding him there.

### c.    Count Three

On or about April 26, 2009, defendant produced a video taken in the shower area of the men's locker room at Fitness Center A. At the start of the video, defendant can be seen telling Minor 3 and Minor 4, who were in the shower wearing swim trunks, that due to the chlorine in the pool, they need to remove their swim trunks, wash them, and wring them out. Minor 3 removed his swim trunks. Minor 4 initially walked off camera, but when he returned still wearing his swim trunks, defendant again instructed him to remove his swim trunks, and Minor 4 complied.

Defendant zoomed the camera in on Minor 3's exposed penis as Minor 3 washed himself, and then, reentering the camera view, grabbed and appeared to be inspecting Minor 3's swim trunks. After Minor 3 got dressed, defendant adjusted the camera view, this time to zoom in on Minor 4's exposed penis as Minor 4 washed himself.

### d.  Count Four

On or about October 1, 2013, defendant produced a video from the shower area of the men's locker room at Fitness Center B. From his position in one shower stall, defendant videorecorded events in an adjacent shower stall by placing a camera on the shower stall divider and angling the camera to capture the adjacent shower.

The video captured a prepubescent boy ("Minor 5") wearing and removing a shirt. Minor 5's penis was visible and erect throughout the majority of the video. Although Minor 5 did not appear to be masturbating, he touched and played with his penis multiple times.

### e.  Count Five

On or about January 28, 2014, defendant produced a video in the men's locker room at Fitness Center B, using at least one, and up to three,[1] concealed video recording devices in the shower area. These videos captured a prepubescent boy ("Minor 6") masturbating, from defendant's position near Minor 6. At one point while Minor 6 was masturbating, and again after Minor 6 finished masturbating, defendant aimed the camera at his own face.

### f.  Count Six

On or about October 21, 2019, at Fitness Center B, defendant produced a video using a recording device he placed on a ledge inside a shower stall, which he aimed down to capture the adjacent shower.  The video depicted defendant in the right stall

---

[1] Defendant appeared to have had multiple cameras recording because he captured three videos of Minor 6 masturbating, all from different angles.  The second video depicted Minor 6 in the shower from directly above the shower stall and the third video appeared to be from inside of the shower stall itself.

and a prepubescent boy ("Minor 7") in the left stall. Minor 7 removed his swim trunks, which exposed his penis. Minor 7 washed his hair with his penis exposed before finishing his shower and leaving the shower stall.

A second prepubescent minor ("Minor 8") then entered the shower stall. Minor 8 lowered his swim trunks to his knees, which exposed his penis. Defendant adjusted the camera angle to capture both Minor 8 pulling up his swim trunks and defendant pulling his own swim trunks down.

### g. Count Seven

On or about February 17, 2020, at Fitness Center B, defendant produced a video using a video recorder that he placed on a ledge inside a shower stall and aimed to capture two stalls, one on the right and one on the left. Defendant stood in the stall to the right and a prepubescent boy ("Minor 9") stood in the stall to the left. Minor 9 removed his swim trunks, exposed his erect penis, and then touched his erect penis. Defendant lowered his swim trunks and masturbated. While he masturbated, defendant turned toward the shower divider to face Minor 9 on the other side of the divider.

### 2. The Charged Videos Depict Sexually Explicit Conduct

Defendant argues that the charged videos do not depict sexually explicit conduct. Not so. Under the statute, sexually explicit conduct includes, among other things, "masturbation" and "lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A)(iii) and (v).

The Seventh Circuit has defined lascivious exhibition as "one that calls attention to the genitals or public area for the purposed of eliciting a sexual response

in the viewer." *United States v. Al-Awadi*, 873 F. 3d 592, 600 (7th Cir. 2017) (internal quotations omitted). While not every nude photo is considered "lascivious," *United States v. Russell*, 662 F. 3d 831, 834 (7th Cir. 2011), a photo depicts lascivious exhibition if "the focus of the image" is "on the genitals" or is "otherwise sexually suggestive," *United States v. Miller*, 829 F. 3d 519, 524 (7th Cir. 2016), taking into account both the image itself and the intent and motivation of the photographer, *Russell*, 662 F. 3d at 843. This is "an intensely fact-bound question," *United States v. Schuster*, 706 F. 3d 800, 806 (7th Cir. 2013), "left to the factfinder to resolve, on the facts of each case, applying common sense," *Russell*, 662 F. 3d at 843.

The videos that are the subject of Counts One through Eight depict sexually explicit conduct—either masturbation by the minor (Count Five) or lascivious exhibition (the remaining counts). Every single one of the videos focus on the anus, genitals, and/or public area of prepubescent boys for the purpose of eliciting a sexual response in the viewer and producer of the video: defendant.

For example, the videos at issue in Counts One, Two, Three and Six entail defendant zooming the camera in to focus on the genitals of the boys or adjusting the camera to better capture the boys' genitals. In the Count Two video, defendant repeatedly exposes and touches the penis and anus of a prepubescent boy while positioning the boy to capture the contact on video. This is not innocent. The video also depicts defendant getting an erection from his physical contact with the boy. Similarly, Count Three involves defendant instructing two prepubescent boys to remove their swim trunks, zooming the camera in to capture their genitals, and at

one point taking the swim trunks of one of the boys in order to prevent him from putting the swim trunks back on. The video that is the subject Count Seven depicts both the erect penis of a prepubescent boy and defendant masturbating. Defendant's sexual arousal as a result of the video is evidence of his intent to produce child pornography.

Defendant's reliance on the Seventh Circuit decision in *United States v. Howard*, 968 F 3d 717, 721 (7th Cir. 2020), is misplaced. In *Howard*, unlike here, the videos depicted a fully clothed, sleeping child. The government's theory was that the defendant used the clothed child as an object of sexual interest to produce a visual depiction of himself engaged in solo sexual activity; the court of appeals rejected the government's interpretation and held that the statute requires that the minor, not only the adult, be engaged in sexually explicit conduct. Likewise, in *United States v. Sprenger,* 14 F.4th 785, 788-89 (7th Cir. 2021), the court of appeals vacated a count of conviction predicated on a video that showed the defendant, but not the sleeping child, engaged in sexually explicit conduct.

Unlike *Howard* and *Sprenger*, the minors depicted in defendant's videos were engaged in sexually explicit conduct. In each video, the minor was partially or fully naked. Although defendant was present in some of the videos, the camera's focus was on the minors, not defendant, often zooming in on the minor's genitals. In addition, in two videos, defendant removed the minor's clothing, or instructed the minor to remove their clothing, to expose the minor's penis and anus.

11

*United States v. Hillie*, 14 F. 4th 677, 687 (D.C. Cir. 2021), does not require a contrary conclusion. In *Hillie*, the D.C. Circuit defined lascivious exhibition under § 2256(2)(A)(v) "to cover visual depictions in which a minor, or someone interacting with a minor, engages in conduct displaying their anus, genitalia, or pubic area in a lustful manner that connotes the commission of sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse." *Id.* at 687. It reached that conclusion in part based on the *noscitur a sociis* canon, which the court of appeals held required it to define "lascivious exhibition" narrowly to exclude simple nudity, due to the fact that the term appears in a list with four sexual acts: "sexual intercourse," "bestiality," "masturbation," and "sadistic or masochistic abuse." *Id.* at 688.

*Hillie* is not binding on this Court and its narrow reading of "lascivious" is inconsistent with the statute's purpose. As the government in *Hillie* argued, and as the *Hillie* dissent correctly noted, the statute does not require that the minor exhibit a "lustful" manner. The dissent explained:

> Reading the statute [to require lustful exhibition] is contrary to the purpose for which the Congress enacted the federal child pornography statute: "Congress aimed the federal child pornography statute at combatting 'the use of children as subjects of pornographic materials [, which] is harmful to the physiological, emotional, and mental health of the child.'" *Knox*, 32 F.3d at 745 (alteration in original) (*quoting New York v. Ferber*, 458 U.S. 747, 758, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982)). As the Ninth Circuit phrased it:
>
> > The crime punished by the statutes against the sexual exploitation of children ... is the offense against the child—the harm "to the physiological, emotional, and mental health" of the child, *Ferber*, 458 U.S. at 758, 102 S.Ct. 3348, the "psychological harm," *id.* at 775, 102 S.Ct. 3348 (O'Conner, J., concurring), the invasion of the child's "vulnerability." *Id.* at 776, 102 S.Ct. 3348 (Brennan, J., concurring). These harms collectively are the

> consequential damages that flow from the trespass against the
> dignity of the child. ... When a child is made the target of the
> pornographer-photographer, the statute will not suffer the insult
> to the human spirit, that the child should be treated as a thing.

*United States v. Wiegand*, 812 F.2d 1239, 1245 (9th Cir. 1987).

*Hillie*, 14 F. 4th at 702 (Henderson, J., dissenting).

*Hillie* also is inconsistent with Seventh Circuit precedent. Instead of requiring that the minor exhibit him or herself in a lustful manner, the Seventh Circuit has defined "lascivious" as "tending to arouse sexual desire," which requires "more than nudity" but is satisfied by an image whose focus is "on the genitals" or "otherwise sexually suggestive." *Miller*, 829 F.3d at 524–25. Thus, in *Miller*, the court of appeals affirmed defendant's convictions under § 2251(a) and found that a reasonable jury could have found that the videos depicted lascivious exhibition where the videos contained scenes in which the minor was nude in a shower—a setting that is a "frequent host[ ] to fantasy sexual encounters as portrayed on television and in film." *Id.* (internal marks omitted); *see also United States v. Schuster*, 706 F. 3d 800, 808 (7th Cir. 2013) ("[s]howers and bathtubs are frequent hosts to fantasy sexual encounters").[2]

---

[2] *Miller* held that the fact-finder also may consider the creator's intent. *Miller*, 829 F.3d at 526 (citing *United States v. Holmes*, 814 F.3d 1246, 1252 (11th Cir. 2016) ("[A] lascivious exhibition may be created by an individual who surreptitiously videos or photographs a minor and later captures or edits a depiction, even when the original depiction is one of an innocent child acting innocently.")). Here, as in *Miller*, the videos would support an inference that defendant created the videos because they sexually excited him.

The analogy from *Miller* to this case is straightforward. Each of the charged videos in this case depict a nude minor in the shower, in addition to the numerous videos that depict the minor masturbating and/or sexually-motivated touching of the minor by defendant.[3] The content of the videos, coupled with the surreptitious nature of the recordings and the locations chosen by defendant, illustrate an intention to capture sexually explicit conduct.

In summary, Counts One through Seven sufficiently allege each element of a § 2251(a) violation and adequately inform defendant of the charges. The evidence that will be presented at trial will demonstrate his guilt. His motion to dismiss should be denied.

---

[3] Even assuming that *Hillie* were binding law in this circuit, defendant's videos are distinguishable. Unlike the videos in *Hillie*, the videos here depict the minors engaged in sexually explicit conduct that is not simply passive. Counts One, Four, and Seven depicted prepubescent boys with erect or semi-erect penises, which they play with or touch. Count Two depicted defendant repeatedly washing the genitals of the prepubescent boy and pulling the boy into defendant's own erection. Count Three depicted defendant orchestrating the minors' removal of their swim trunks and keeping their swim trunks off for an extended time. Count Five depicted a prepubescent boy masturbating.

## III.    CONCLUSION

For the reasons stated above, this Court should deny defendant's Motion to Dismiss Counts One through Seven of the Indictment.

Respectfully Submitted,

JOHN R. LAUSCH, JR.
UNITED STATES ATTORNEY

By:    */s/ Kristen Totten*
Kristen Totten
Assistant United States Attorney
United States Attorney's Office
219 South Dearborn, 5th Floor
Chicago, Illinois 60604
(312) 353-5340

Dated:  November 29, 2021