IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| United States of America, )<br>  Plaintiff, )<br> )<br>v. )<br> )<br>Michael Porter, )<br>  Defendant. ) | No. 20 CR 837<br><br>Judge Ronald A. Guzmán |

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the motion to dismiss the indictment [56] is denied.

### STATEMENT

On July 13, 2021, Defendant was indicted with seven counts of production and attempted production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e) (Counts One through Seven); two counts of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1) (Counts Eight and Nine); and one count of possession of electronic devices containing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (Count Ten). (Indictment, Dkt. # 43.)

Defendant moves to dismiss Counts One through Seven, arguing initially that the videos underlying the production counts do not constitute child pornography, and therefore, the production counts fail to state an offense.[1] Defendant contends that Counts One through Four and Counts Six and Seven could not be considered child pornography because mere bathing or grooming activities, absent more, cannot be considered "lascivious exhibitions" of the genitals or pubic areas of any person and thus do not constitute "sexually explicit conduct." Stated in this manner, the motion constitutes an attack on the sufficiency of the evidence, not the sufficiency of the language in the indictments. Defendant's argument improperly invades on the province of the trier of fact when he summarily describes the depictions in the videos as mere bathing or grooming activities. "Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009) (internal citations and quotation marks omitted). It is up to the trier of fact to determine what inferences to draw from the visual depictions. Defendant's argument is more akin to one made in a summary judgment motion in a civil proceed-

---

[1] In his reply brief, Defendant sets forth, for the first time, arguments attacking the sufficiency of the indictment language. He maintains that the indictment fails to allege that (1) his actions caused a minor to engage in sexually explicit conduct, and (2) he acted with the intent that a minor engage in sexually explicit conduct. The introduction of new arguments in a reply brief is inappropriate, and such arguments generally would be considered waived. Nevertheless, in the interests of justice and efficiency, the Court addresses Defendant's new arguments.

ing, which does not exist in criminal cases. *United States v. Thomas*, 150 F.3d 743, 747 (7th Cir. 1998) (Easterbrook, J., concurring). Whether the government has proven its case is a matter to be decided by the jury or, if appropriate, the Court, should Defendant move for a judgment of acquittal under Federal Rule of Criminal Procedure 29.

Defendant fares no better with respect to his arguments regarding the language of the allegations. Title 18 U.S.C. § 2251(a) makes it a crime for an individual to employ, use, persuade, induce, entice, or coerce any minor to engage in "any sexually explicit conduct for the purpose of producing any visual depiction of such conduct." Based on the statute's language and the allegations at issue here, the following must be proven to establish an offense under Section 2251(a):

> (1) the victim was under the age of 18 years; and
> (2) the defendant, for the purpose of producing a visual depiction of such conduct employed, used, persuaded, or coerced the victim to take part in sexually explicit conduct; and
> (3) the visual depiction was produced using materials that had been mailed, shipped, transported across state lines or in foreign commerce.

For the purposes of a motion to dismiss the indictment, the Court accepts as true the facts alleged in the indictment and as proffered by the government in its response brief to Defendant's motion. *United States v. Clark*, 728 F.3d 622, 623 (7th Cir. 2013). In its response, the government describes its video evidence as follows.

Count One. In or around September of 2006, Defendant produced a video that depicts a prepubescent boy ("Minor 1") in the shower area of a men's locker room at Fitness Center A. In the video, Minor 1 sits on a chair under the shower washing his body. At various points in the video, Minor 1 licks the palm of his hand, lowers and then removes his swim trunks, exposing his erect penis, and lays face down on the shower floor, moving his hips from side to side, while looking in the direction of the camera. At two separate points of the video, the camera zoomed in on Minor 1's penis, and at another point, the camera zoomed in on Minor 1's buttocks. The video also depicted Minor 1 placing a balloon on his penis, removing it, and putting it in his mouth while the camera continued to zoom in on the boy's penis, also capturing his buttocks.

Count Two. On or about September 10, 2008, Defendant produced a video using a concealed recording device that he placed under a bench inside of the men's locker room at Fitness Center A. Defendant positioned the device to capture the shower area of the locker room. The video captured a prepubescent boy ("Minor 2") and Defendant (wearing swim trunks, flip flops, and a purple swim cap) in the shower area. Defendant removed his swim trunks, revealing gold shorts underneath. The video depicts Defendant washing Minor 2's body with soap, and then pulling down Minor 2's swim trunks before washing Minor 2's buttocks and groin area and touching Minor 2's penis.

Defendant then got more soap and again used his hands to wash Minor 2's buttocks, groin area, and penis. Defendant continued to wash Minor 2's body and pulled Minor 2's swim trunks down a second time, washing Minor 2's buttocks, groin area, and penis. Minor 2 then ran off camera. Defendant walked over to the camera, cleaned the lens, and zoomed in to have a

2

closer view of the shower area. Minor 2 returned to the shower area, and Defendant pulled Minor 2's swim trunks down a third time, using his hands to wash the Minor 2's buttocks, groin area, and penis.

At a later point in the video, Defendant had Minor 2 wash Defendant's back, and Defendant washed Minor 2's back and chest before pulling Minor 2's swim trunks down a fourth time and using his hands to wash Minor 2's buttocks, groin area, and penis. Defendant then positioned Minor 2, with his swim trunks down, facing the camera, exposing his penis to the camera and once again washed Minor 2's buttocks, groin area, and penis. Defendant turned Minor 2 in the opposite direction exposing Minor 2's buttocks to the camera and continued to wash Minor 2's buttocks, groin area, and penis. Defendant then moved his hands up and down in a caressing motion on Minor 2's buttocks. Defendant again faced Minor 2 toward the camera and pulled Minor 2's swim trunks back up. At one point during this course of events, Defendant appears to have an erection.

After a final adjustment of the camera, Defendant caressed Minor 2's back and head, and then faced Minor 2 toward the camera, had Minor 2 lower his swim trunks, and exposed Minor 2's penis to the camera. Defendant then faced Minor 2 toward him, with Minor 2's back to the camera, and dried Minor 2 off, pulling Minor 2 toward Defendant's groin area and holding him there.

<u>Count Three</u>. On or about April 26, 2009, Defendant produced a video taken in the shower area of the men's locker room at Fitness Center A. At the start of the video, Defendant can be seen telling Minor 3 and Minor 4, who were in the shower wearing swim trunks, that due to the chlorine in the pool, they need to remove their swim trunks, wash them, and wring them out. Minor 3 removed his swim trunks. Minor 4 initially walked off camera, but when he returned still wearing his swim trunks, Defendant again instructed him to remove his swim trunks, and Minor 4 complied. Defendant zoomed the camera in on Minor 3's exposed penis as Minor 3 washed himself, and then, reentering the camera view, grabbed and appeared to be inspecting Minor 3's swim trunks. After Minor 3 got dressed, Defendant adjusted the camera view, this time to zoom in on Minor 4's exposed penis as Minor 4 washed himself.

<u>Count Four</u>. On or about October 1, 2013, Defendant produced a video from the shower area of the men's locker room at Fitness Center B. From his position in one shower stall, Defendant videorecorded events in an adjacent shower stall by placing a camera on the shower stall divider and angling the camera to capture the adjacent shower. The video captured a prepubescent boy ("Minor 5") wearing and removing a shirt. Minor 5's penis was visible and erect throughout most of the video. Although Minor 5 did not appear to be masturbating, he touched and played with his penis multiple times.

<u>Count Five</u>. On or about January 28, 2014, Defendant produced a video in the men's locker room at Fitness Center B, using at least one, and up to three,[2] concealed video recording

---

[2] Defendant appeared to have had multiple cameras recording because he captured three videos of Minor 6 masturbating, all from different angles. The second video depicted Minor 6 in

3

devices in the shower area. These videos captured a prepubescent boy ("Minor 6") masturbating, from Defendant's position near Minor 6. At one point while Minor 6 was masturbating, and again after Minor 6 finished masturbating, Defendant aimed the camera at his own face.

Count Six. On or about October 21, 2019, at Fitness Center B, Defendant produced a video using a recording device he placed on a ledge inside a shower stall, which he aimed down to capture the adjacent shower. The video depicted defendant in the right stall and a prepubescent boy ("Minor 7") in the left stall. Minor 7 removed his swim trunks, which exposed his penis. Minor 7 washed his hair with his penis exposed before finishing his shower and leaving the shower stall. A second prepubescent minor ("Minor 8") then entered the shower stall. Minor 8 lowered his swim trunks to his knees, which exposed his penis. Defendant adjusted the camera angle to capture both Minor 8 pulling up his swim trunks and Defendant pulling his own swim trunks down.

Count Seven. On or about February 17, 2020, at Fitness Center B, Defendant produced a video using a video recorder that he placed on a ledge inside a shower stall and aimed to capture two stalls, one on the right and one on the left. Defendant stood in the stall to the right and a prepubescent boy ("Minor 9") stood in the stall to the left. Minor 9 removed his swim trunks, exposed his erect penis, and then touched his erect penis. Defendant lowered his swim trunks and masturbated. While he masturbated, Defendant turned toward the shower divider to face Minor 9 on the other side of the divider.

Defendant contends that the above-described videos do not depict sexually explicit conduct as required by the statute. Under the statute, however, sexually explicit conduct includes "masturbation" and "lascivious exhibition of the anus, genitals, or pubic area of any person." 18 U.S.C. § 2256(2)(A)(iii) and (v). The Seventh Circuit has defined a "lascivious display" as one "that calls attention to the genitals or pubic area for the purpose of eliciting a sexual response in the viewer." *United States v. Russell*, 662 F.3d 831, 843 (7th Cir. 2011); *United States v. Al-Awadi*, 873 F.3d 592, 600 (7th Cir. 2017). In making this fact-intensive determination, a fact finder may consider the intent and motivation of the photographer. *United States v. Schuster*, 706 F.3d 800, 806 (7th Cir. 2013); *Russell*, 662 F.3d at 834.

The government's indictment alleges conduct described in the statute as defined by the Seventh Circuit. Count Five depicts masturbation, while all the videos focus and zoom in on the minors' anus, genitals and/or pubic area in a manner that demonstrates an intent to elicit a sexual response in the viewer and producer. Indeed, in Count Seven, Defendant's own sexual arousal is apparent, thus providing support for the government's allegation regarding Defendant's intent in making the videos. In Count Three, it is alleged that Defendant told the boys to remove their swim trunks. Most of the videos also feature the victims touching or manipulating their penises – conduct which the trier of fact may determine is more than mere nudity, washing, or grooming.

As noted above, Defendant, for the first time in his reply brief, attacks the sufficiency of the language in the indictment. He argues that Counts One through Seven fail to allege both that

---

the shower from directly above the shower stall, and the third video appeared to be from inside of the shower stall itself.

his conduct caused the minor to engage in sexually explicit conduct and that he acted with the intent that a minor engage in sexually explicit conduct. An indictment complies with Federal Rule of Criminal Procedure 7 and the Constitution if it (1) states the elements of the crimes charged; (2) adequately informs a defendant of the nature of the charges brought against him; and (3) enables the defendant to assert the judgment as a bar to future prosecutions for the same offense. *United States v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013). A successful challenge to the language of an indictment must establish both that an element of the offense was omitted and that the defendant suffered prejudice as a result. *Id*.

The indictment alleges the specific conduct set forth above and states that Defendant "did knowingly use, persuade, induce, and entice, and attempt to use, persuade, induce, and entice, a minor … to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." Thus, the indictment alleges that Defendant caused the minor and intended to cause the minor to engage in such conduct.

Defendant's reliance on two Seventh Circuit cases to support his position is unpersuasive. In *United States v. Howard*, 968 F.3d 717 (7th Cir. 2020), the court concluded that the defendant, who filmed himself masturbating next to a fully clothed, sleeping child had not "used" the minor as § 2251(a) requires. *Id*. at 721. In this case, by contrast, each count is based on or includes sexually explicit conduct by the minor. Indeed, *Howard* supports the government's position because it clarifies that "[t]he six verbs that appear in the statute—'employs, uses, persuades, induces, entices, or coerces'—all describe means by which an *exploiter might accomplish the end of having a child engage in sexually explicit conduct in order to capture a visual image of it*." *Id*. at 721-22 (emphasis added). That is exactly what the government is alleging here. The same is true for the second case Defendant cites, *United States v. Sprenger*, 14 F.4th 785 (7th Cir. 2021), in which the Seventh Circuit ruled that the defendant could not have violated § 2251(a) "[b]ecause the photographs [the defendant] took depicted himself but not Victim A engaged in sexually explicit conduct . . . ." *Id*. at 791. Again, here, the minors are alleged to have engaged in sexually explicit conduct.

Nor does Defendant's citation to *United States v. Hillie*, 14 F.4th 677 (D.C. Cir. 2021), alter this Court's conclusion. In *Hillie*, the District of Columbia Circuit defined "lascivious exhibition" under § 2256(2)(A)(v) "to cover visual depictions in which a minor, or someone interacting with a minor, engages in conduct displaying their anus, genitalia, or pubic area *in a lustful manner* that connotes the commission of sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse." *Id*. at 687 (emphasis added). Not only is *Hillie* not binding on this Court, but *Hillie*'s definition of lascivious exhibition requires "a lustful manner," while the Seventh Circuit has interpreted "lascivious" to mean only "tending to arouse sexual desire," which requires "more than nudity" but is satisfied by an image whose focus is "on the genitals" or "otherwise sexually suggestive." *United States v. Miller*, 829 F.3d 519, 524-25 (7th Cir. 2016) (affirming the defendant's convictions under § 2251(a) and finding that a reasonable jury could have found that the videos depicted lascivious exhibition where they contained scenes in which the minor was nude in a shower, which is a "frequent host[ ] to fantasy sexual encounters as portrayed on television and in film"). The instant indictment alleges such conduct. Provided the jury is properly instructed as to the required notice of intent, there is no prejudice to Defendant.

     For the reasons stated above, Defendant's motion to dismiss Counts One through Seven of the indictment is denied in its entirety.

Date: February 8, 2022

_____
**Ronald A. Guzmán**
**United States District Judge**